UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>v.<br><br>160 EASY STREET, NORTH HARWICH,<br>MASSACHUSETTS,<br>          Defendant. | )<br>)<br>)<br>)  Civil Action No.<br>)<br>)  05 10961 MEL<br>)<br>) |

**MOTION FOR EX-PARTE FINDING AND**
**ENDORSEMENT OF MEMORANDUM OF LIS PENDENS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the above-captioned Complaint for Forfeiture in Rem constitutes a claim of right to title to the real property, including all buildings and appurtenances, located at 160 Easy Street, North Harwich, Massachusetts, (the "Defendant Property" or "160 Easy Street"), which is recorded at Book 16835, Page 42, in the Barnstable County Registry of Deeds, or the use and occupation thereof, and also moves for the endorsement of said finding on memorandum of lis pendens.

As grounds for this motion, the United States submits that the requested finding and endorsement of the memorandum of lis pendens are required under Massachusetts law regulating the recording and registration of memoranda of lis pendens, Mass. Gen. L. ch. 184 §15. The endorsement will enable the United States to file the lis pendens in the appropriate registry of deeds office to give third parties notice of this pending action and of the government's forfeiture claim to the Defendant Property located in North

Harwich, Massachusetts. Massachusetts General Laws, Chapter 184, Section 15, also allows for the filing of the instant Motion <u>ex-parte</u> because there is a danger that the owner, if notified in advance of the endorsement of the memorandum, will convey, encumber, damage or destroy the Defendant Property or the improvements thereon.

Furthermore, Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of <u>lis pendens</u> recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of <u>lis pendens</u> does not constitute a comment on the merits of the underlying case, <u>i.e.</u>, whether probable cause exists. See <u>Sutherland v. Aolean Development Corp.</u>, 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In <u>Sutherland</u>, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of real property." <u>Id</u>. at 40. It is not a finding of probable cause. A <u>lis pendens</u> does not purport to create a new right, interest or remedy in the litigant filing the memorandum of <u>lis pendens</u>. <u>Debral Realty, Inc. v. DiChiara</u>, 420 N.E.2d 343, 346 (Mass. 1981). It is merely a

mechanism to put potential purchasers on notice of litigation concerning the property. Id. at 348.

The United States relies upon the Complaint for Forfeiture in Rem filed this day. The Complaint seeks forfeiture of the Defendant Property described above, pursuant to 21 U.S.C. §881(a)(7), as a result of violations of 21 U.S.C. §§841, 846, and/or 856. Consequently, this action constitutes a claim of right to title to the Defendant Property described above. A proposed lis pendens is attached for consideration by the Court.

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memorandum of lis pendens.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: _____
     JENNIFER H. ZACKS
     Assistant U.S. Attorney
     Suite 9200
     1 Courthouse Way
     Boston, MA 02210
     (617) 748-3100

Dated: 5/10/05