UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,         )
          Plaintiff,              )
                                  )
                                  )   Civil Action No. 05-10961-MEL
                                  )
160 Easy Street,                  )
North Harwich,                    )
          Defendant               )
                                  )
_____    )
Leonard Miranda                   )
Brenda Miranda,                   )
          Claimants.              )
```

## UNITED STATES' MOTION TO COMPEL CLAIMANTS TO PROVIDE ANSWERS TO INTERROGATORIES AND REQUESTS FOR DOCUMENTS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), in conjunction with Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c), to compel Leonard Miranda and Brenda Miranda ("Claimants") to provide answers to the United States' interrogatories and document requests in the above-captioned matter.

### Factual Background

On, December 28, 2005, the United States, pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c) and Federal Rule of Civil Procedure 26 and 33 and Local Rules 26.5 and 33.1, served interrogatories and requests for document production on the Claimants, via certified mail. Under Federal

Rule of Civil Procedure 33(b)(3), the Claimants' responses were due thirty days later, that is, as the interrogatories and document requests specifically stated, on January 27, 2006. On December 20, 2005, the United States sent notices of depositions to the Claimants, by certified mail, scheduling their depositions in this matter for February 2, 2006 at 10:00 am and 1:00 pm. Counsel for Claimants made no objection to any of the above-listed dates.

On January 27, 2006, having received no responses to the United States' interrogatories or document requests from the Claimants, the undersigned telephoned Claimants' counsel. On January 30, 2006, Claimants' counsel informed the undersigned that he could not provide a date certain by which the reponses would be provided to the United States. While he indicated his willingness to enter into settlement negotiations, at this point, the parties' positions, at this time, appear to be sufficiently far apart that it would be prudent to continue with discovery. In addition, facts learned from the responses to the interrogatories and document requests or at the depositions may alter the United States' view of the strength of its case and, therefore, its potential settlement position.

### **Analysis**

The purpose of discovery is to facilitate the orderly conduct of litigation by providing a mechanism for making relevant information available to the litigants. See <u>Hickman v. Taylor</u>, 329

U.S. 495, 507 (1947). Federal Rule of Civil Procedure 26 imposes on counsel an affirmative duty to engage in pretrial discovery responsibly. Federal Rule of Civil Procedure 37(a) permits the Court to compel discovery and Rule 37(c) provides a mechanism for the Court to impose sanctions based on failure to provide discovery.

Here, despite the United States' requests, attempts to confer with counsel and the upcoming depositions, scheduled for February 2, 2006, the Claimants have failed to provide discovery. Discovery is particularly important on the crucial issue in this civil forfeiture case, namely whether the Claimants will be able to prevail in their asserted innocent owner defense. The United States notes, that, under the innocent owner defense, the burden is on the party asserting such a defense. The United States also notes that Rule 37 specifically provides for the Court to exclude evidence that a party has failed to disclose. Moreover, as a general matter, in a civil forfeiture case, a court may draw an adverse inference from a claimant's refusal to answer questions. See United States v. U.S. Currency in the Amount of $119,984.00, 304 F.3d 165, (2nd Cir. 2002) (in contrast to a criminal case, if claimants in civil forfeiture case exercise Fifth Amendment rights, "the Government may be able to obtain an adverse inference based on their refusal to testify"); United States v. Two Parcels of Real Property, 92 F.3d 1123, 1129 (11th Cir. 1996). The Claimants'

failure to timely respond to the interrogatories and to provide the requested supporting documents, hinder both the United States and, ultimately, this Court, in its efforts to ascertain the relevant facts.  In addition, without responses to the interrogatories and document requests, the United States will be  prejudiced in taking the Claimants' depositions and attempt to plan its case based on incomplete information.

    Wherefore, the United States respectfully requests that the Court allow this motion and issue an order compelling the Claimants to immediately provide responses to the United States' interrogatories and document requests.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney


                                        */s/ Jennifer H. Zacks*
                           By:  Jennifer H. Zacks
                                        Assistant U.S. Attorney
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA  02210
                                        617-748-3100

Date: January 31, 2006

CERTIFICATE OF SERVICE

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion to Compel was filed by the Electronic Court Filing System (ECF) and were served upon:

Joseph Balliro, Sr.
Balliro & Mondano
99 Summer Street
Suite 1800
Boston, MA 02110

as Counsel for the Claimants, Leonard Miranda and Brenda Miranda, by facsimile transmission, postage prepaid.

                                                */s/Jennifer H. Zacks*
                                                Jennifer H. Zacks
                                                Assistant U.S. Attorney

Date: January 31, 2006