**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
UNITED STATES OF AMERICA,         )
            Plaintiff,            )Civil Action No. 05-10961-MEL
                                  )
     v.                           )
                                  )
160 EASY STREET, NORTH HARWICH,   )
MASSACHUSETTS                     )
            Defendant.            )
                                  )
_____ )
Leonard Miranda                   )
Brenda Miranda                    )
            Claimants.            )
```

**UNITED STATES' MOTION TO EXTEND DISCOVERY**
**THROUGH AND INCLUDING APRIL 21, 2006**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves to extend the time for the completion of discovery in the above-captioned case to and including April 21, 2006. Under the discovery schedule agreed to by the parties and approved by the Court, discovery, including all depositions, is currently scheduled to be completed by March 1, 2006. However, to date, Leonard and Brenda Miranda ("the Claimants") have failed to provide <u>any</u> discovery whatsoever to the United States, including twice failing to appear at their scheduled depositions.[1]

    1. This case is a civil forfeiture action, brought by the

---

[1] The parties are currently negotiating and attempting to reach a settlement of this matter. However, there is no certainty that a settlement acceptable to both sides and one that will be approved by the relevant officials at the United States Attorneys Office will be reached.

United States against the real property located at 160 Easy Street. The Claimants, although they have never lived in the Easy Street Property, are the titled owners of the property and have filed answers and claims in this action. Since drugs and drug paraphernalia were found at the Easy Street property and the Claimant's son had pled guilty in state court to possession of cocaine with intent to distribute, the central issue in this case is likely to be the affirmative innocent owner defense raised by the Claimants, that is, whether they knew or should have known about the drug trafficking and, if so, whether they took sufficient steps to prevent it. Obviously, addressing this affirmative defense requires information peculiarly within the knowledge of the Claimants, which can be obtained by United States only through discovery mechanism.

2. In this case, an extension of the time permitted for discovery is warranted, given the Claimants' failure to provide <u>any</u> discovery whatsoever to the United States. On September 27, 2005, pursuant to Local Rule 16, the parties jointly submitted a proposed discovery schedule, with discovery, including interrogatories and document requests, and any necessary depositions to be completed by March 1, 2006. On October 5, 2005, a scheduling conference was held and this Court approved the parties' proposed pre-trial schedule.

3. On December 28, 2005, the United States served interrogatories and requests for document production on the

Claimants. Under Federal Rule of Civil Procedure 33(b)(3), the Claimants' responses were due thirty day later, on January 27, 2006. On December 30, 2005, the United States sent notices of deposition to the Claimants by certified mail, scheduling their depositions for February 2, 2006 at 10:00 am and 1:00 pm. Counsel for Claimants made no objection to any of the above-listed dates.

    4. On January 27, 2006, having received no responses to the United States' interrogatories or document requests from the Claimants, the undersigned telephoned Claimants' counsel. January 30, 2006, Claimants' counsel informed the undersigned that he could not provide a date certain by which the responses would be provided to the United States.

    5. On January 31, 2006, still having received no discovery from the Claimants, and in light of the upcoming depositions, the United States filed a motion to compel with this Court, citing the Claimants' failure to comply with their discovery obligations. To date, the Court has not acted on this motion.

    6. On February 1, 2006, the day prior to the scheduled depositions, still having received no responses to the interrogatories or document requests, the undersigned telephoned Claimants' counsel, who informed her that the Claimants would not attend their depositions on February 2, 2006. In order not to incur needless costs, the United States cancelled the pre-arranged court reporter.

    7. On February 7, 2006, the United States sent out notices of

depositions, again by certified mail, to the Claimants, rescheduling their depositions for February 15, 2006 at 10:00 am and 1:00 pm.  Claimants' counsel made no objection to this date.

8.   By February 13, 2006, the United States had still not received any responses to its interrogatories or requests fo document production.  The undersigned contacted Claimant's counsel by telephone, who stated that the Claimants would not appear at their depositions or provide the required discovery.  At that time, to avoid incurring unnecessary expenses, the United States cancelled the court reporter for the scheduled depositions.

9.   The parties are in the process of negotiating in the hopes of resolving this case by settlement, but, to date, no settlement documents have been drafted and none of the necessary approvals from the officials at the United States Attorneys Office have been obtained.  It is therefore, uncertain whether this case will, in fact, be able to be resolved by settlement.

10.   In the meantime, the United States, to date, despite repeated requests and a motion to compel filed with the Court, the has not received any discovery from the Claimants.  The United States therefore requests that the discovery schedule be extended to and including April 21, 2006.  The reason for the relatively long requested extension is that the undersigned will be out of the country on a long-scheduled vacation from March 17, 2006 through March 31, 2006.

11.   A message has been left for counsel for Claimants

informing him of the filing of this motion.

    Wherefore, the United States respectfully requests that the Court allow this motion and extend the discovery schedule in this case to and including April 21, 2006.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                                  */s/ Jennifer H. Zacks*
                     By:  Jennifer H. Zacks
                          Assistant U.S. Attorney
                          1 Courthouse Way, Suite 9200
                          Boston, MA  02210
                          617-748-3100

Date: February 17, 2006

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                    */s/Jennifer H. Zacks*
                                    Jennifer H. Zacks
                                    Assistant U.S. Attorney

Date: February 17, 2006