```
                  UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
               Plaintiff,     )
                              )
          v.                  )     Civil Action No. 05-10961-MEL
                              )
160 EASY STREET, NORTH HARWICH)
MASSACHUSETTS                 )
               Defendant.     )
_____)
                              )
LEONARD MIRANDA               )
BRENDA MIRANDA                )
               Claimants.
```

**STIPULATION OF SETTLEMENT**

The United States of America, by its attorney Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Leonard Miranda and Brenda Miranda (the "Claimants") by their attorney and individually, set forth the following:

WHEREAS, on May 10, 2005, the United States Filed a Complaint for Forfeiture in Rem against the real property located at 160 Easy Street, North Harwich, Massachusetts, more fully described in the Quitclaim Deed dated April 25, 2003 recorded at Book 16835, Page 42, of the Barnstable County Registry of Deeds, (the "Defendant Property");

WHEREAS, the United States asserts that the Defendant Property constitutes property used or intended to be used to commit, or to facilitate the commission of, violations of Title 21, United States Code, Section 841, 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. §881(a)(7);

-1-

WHEREAS, on or about June 7, 2005, this Court, issued a Warrant and Monition and Lis Pendens as requested by the United States, directing the United States Marshals Service to give notice to all persons concerned that a Complaint in Rem had been filed;

WHEREAS, a Lis Pendens was recorded at the Barnstable County Registry of Deeds on May 26, 2005, at Book 19865, Page 309;

WHEREAS, on or about August 4, 2005, Leonard Miranda and Brenda Miranda filed Verified Claims under the pains and penalties of perjury individually, as the owners of the Defendant Property;

WHEREAS, on or about August 24, 2005 Leonard Miranda and Brenda Miranda filed separate Answers to the in Rem Complaint;

WHEREAS, as of this date, no other party has filed a claim to the real property or answered or otherwise defended against this forfeiture action as required by Rule C(6) of the Supplemental Rule for Certain Admiralty and Maritime Claims, and the time within which to do so has expired;

AND WHEREAS, the parties desire to reach a full and final settlement of this matter and to avoid the time and expense of further litigation;

NOW THEREFORE, in consideration of the foregoing and the mutual undertakings of the parties hereinafter set forth, and for good and valuable consideration, including, but not limited to, the United States' it is hereby stipulated and agreed by and between the undersigned as follows:

1. Upon execution by all parties, the United States shall file this Stipulation of Settlement with the Court in the above-captioned case. The Court shall retain jurisdiction to enforce the provisions of this Stipulation of Settlement.

2. The Defendant Property will be forfeited to the United States pursuant to 21 U.S.C §881(a)(7).

3. The Defendant Property will be sold and as described below, ninety percent (90%) of the net proceeds of the sale of the Defendant Property shall be forfeited to the United States:

   a. The parties agree that the United States Marshals Service shall arrange for the sale of the Defendant Property in accordance with United States Department of Justice policies regarding the disposition of forfeited property. The United States Marshals Service may, among other things, retain a broker and other professionals in its reasonable best efforts to market and sell the Defendant Property at the highest possible price.

   b. Claimants consent and agree to the forfeiture to the United States of ninety percent (90%) of the net proceeds of the sale of the Defendant Property, and waive any and all claims of interest in the forfeited property.

   c. Upon sale of the Defendant Property pursuant to this Stipulation of Settlement and the Judgment and Order of Forfeiture, the sale proceeds shall be distributed by the United States Marshals Service in the following manner and order:

      (I) all costs and expenses reasonably incurred by the United States selling the Defendant Property;

      (ii) the cost of any comprehensive insurance on the Defendant Property;

      (iii) any outstanding real estate taxes due to, with respect to the Defendant Property;

      (iv) any valid and superior liens, attachments, or

        encumbrances of record, with respect to the Defendant Property; and

d. Ten percent (10%) of the net proceeds shall be paid to the Claimants by check and the United States Marshals Service will retain ninety percent (90%);

e. By the time of the closing, the United States shall file a motion with this Court for a release of the <u>Lis</u> <u>Pendens</u> against the Defendant Property; and

f. At the conclusion of all forfeiture proceedings relating to the Defendant Property, the net proceeds held by the United States Marshals Service will be disposed of according to law.

4. The parties hereby agree that if the Claimants fails to provide the United States with this signed stipulation of settlement by March 1, 2006, this stipulation of settlement shall be null and void, and the United States shall pursue forfeiture of the Defendant Property.

5. The United States and the Claimants, agree that the settlement of this matter upon the terms and conditions set forth herein shall be in full, final, and complete satisfaction of any and all claims, demands, or causes of action, arising out of, or relating to the forfeiture proceedings initiated against the Defendant Property by the United States.

6. The Claimants unconditionally release, indemnify and hold harmless the United States, its officers, agents, employees and/or representatives, both past and present, including but not limited to, the United States Drug Enforcement Agency, as well as any state, county, or local law enforcement agencies whose personnel

were involved in the investigation and/or civil action and forfeiture action concerning the Claimants, and their officers, agents, and employees from and against any and all claims, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the investigation and/or forfeiture action involving the Defendant Property or arising from the provisions of the instant stipulation of settlement.

7. The Claimants hereby waive all rights of appeal with regarding the forfeiture action, and agree that each party shall bear its own fees and other expenses, including attorney's fees, incurred in connection with all proceedings pertaining directly or indirectly to this forfeiture matter.

8. The Claimants agree that nothing in this Stipulation of Settlement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by the Claimants.

9. This stipulation of settlement shall constitute the entire agreement between the United States and the Claimants hereto with respect to the settlement of the forfeiture of the Defendant Property.

10. The Claimants hereby acknowledge that they are, and have been, represented by competent counsel in connection with the

negotiation, preparation, and execution of this Stipulation of Settlement, that the provisions, of this Stipulation of Settlement and the legal effects thereof have been explained to the Claimants, and that they are entering into this Stipulation of Settlement freely and voluntarily, without coercion, duress, or undue influence.

    11.  This Agreement may be executed by verified, signed, and filed by electronic means, as required by Local Rule 5.4 and this constitutes electronic case filing procedures.

    12.  Signatories to this stipulation of settlement on behalf of the Defendant Property represent that they have the full power and authority to enter into this stipulation of settlement and to perform the obligations set forth herein.

IN WITNESS WHEREOF, the United States of America, by its attorneys, and the Claimants, Leonard Miranda and Brenda Miranda, by his attorney, hereby execute this stipulation of settlement as of the dates hereinafter set forth.

Respectfully submitted,

|  |  |
|---|---|
|  | MICHAEL J. SULLIVAN, |
| LEONARD MIRANDA<br>BRENDA MIRANDA<br>By:<br><u>/s/Joseph Balliro</u><br>Joseph Balliro, Sr.<br>Balliro & Mondano<br>99 Summer Street<br>Suite 1800<br>Boston, MA 02110 | UNITED STATES ATTORNEY<br>By:<br><u>/s/ Jennifer H. Zacks</u><br>Jennifer H. Zacks<br>Assistant US Attorney<br>John Joseph Moakley Federal Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>617-748-3100 |
| DATE: March 14, 2006 | DATE: March 14, 2006 |

BRENDA MIRANDA

<u>/s/Brenda Miranda</u>
Brenda Miranda
Claimant
DATE: March 14, 2006

LEONARD MIRANDA

<u>/s/Leonard Miranda</u>
Leonard Miranda
Claimant
DATE: March 14, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
          Plaintiff,             )Civil Action No. 05-10961-MEL
                                 )
     v.                          )
                                 )
160 EASY STREET, NORTH HARWICH,  )
MASSACHUSETTS                    )
          Defendant.             )
                                 )
_____)
Leonard Miranda                  )
Brenda Miranda                   )
          Claimants.             )
```

**<u>FINAL JUDGMENT AND ORDER OF FORFEITURE</u>**

LASKER, D.J.,

    The above-captioned case having come before this Court, and the Court being fully advised of the settlement agreement between the United States and the claimants, Leonard Miranda and Brenda Miranda,

    It is hereby ORDERED, ADJUDGED, and DECREED:

    1.   In accordance with the provisions of the Stipulation of Settlement, the real property located at 160 Easy Street, North Harwich, Massachusetts (the "Defendant Property") will be forfeited to the United States, pursuant to 21 U.S.C. §881(a)(7).

    2.   Also in accordance with the provisions of the Stipulation of Settlement, the Defendant Property will be sold by the United States Marshals Service (USMS).

    3.   Following such sale, as described more fully in the Stipulation of Settlement, ninety percent (90%) of the net proceeds

will be retained by the USMS, to be disposed of in accordance with law, and ten percent (10%) of the net proceeds shall be paid to the Claimants.

    4.    This civil <u>in</u> <u>Rem</u> forfeiture action shall be dismissed with prejudice.

    5.    The parties have agreed that the settlement of this matter upon the terms and conditions set forth herein and in the Stipulation of Settlement shall be in full, final, and complete satisfaction of any and all civil claims relating to the Claimants arising out of the forfeiture of the Defendant Property, and all rights of appeal in this forfeiture case have been waived. Each party shall bear its own costs and fees, including attorneys' fees.

    6.    This Court shall retain jurisdiction in this case to enforce the provisions of this Order and the Stipulation of Settlement entered into between the United States and the Claimants.

APPROVED AND SO ORDERED:

_____
MORRIS E. LASKER
United States Senior District Judge

Date:_____, 2006